UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 10-170 |
| ABIGAIL JOHN | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court is defendant Abigail John's motion for relief from judgment under Federal Rule of Civil Procedure 60(b).[1] Because the Court finds that John has not established exceptional circumstances justifying relief, the Court denies the motion.

I. BACKGROUND

On August 25, 2010, John pled guilty to Embezzlement and Mail Fraud.[2] While a bookkeeper for the Louisiana Veterans Research and Education Corporation, John embezzled $1,013,730.85 in federal program funds from the U.S. Army. This Court sentenced her to three years imprisonment and ordered John to pay $1,009,605.85 in restitution to the U.S. Army.[3] John also entered a consent decree for asset forfeiture, forfeiting

---

[1] R. Doc. 93.
[2] R. Doc. 20.
[3] R. Doc. 40.

1

$332,758.55 in cash, two BMWs, and a house.[4] The judgment specifically lists payments on restitution, which were to begin while the John was incarcerated and to be paid at a rate of $100 per month after her release, and the forfeited assets.[5]

John began her restitution payments while in prison. After John was released from prison, she began driving for Uber.[6] John was in a car accident in 2017; the government garnished $26,676.00 of her settlement from the resulting suits, which is credited toward her restitution payments.[7]

John became delinquent in her monthly restitution payments in 2022 and did not make a payment in the two years prior to the filing of the garnishment at issue here.[8] The government mailed John a default letter in August 2024, and she did not respond.[9] In February 2025, the government gave her an opportunity to provide an updated Financial Disclosure Statement to enter a new payment plan, but she did not comply.[10] The government filed for the relevant writ of garnishment in February 2025.[11]

---

[4]  R. Doc. 23.
[5]  R. Doc. 40.
[6]  R. Doc. 92-3, at 2.
[7]  R. Doc. 93-1, at 3.
[8]  R. Doc. 93-1, at 4.
[9]  R. Doc. 93-2, at 1.
[10] R. Doc. 93-3.
[11] R. Doc. 81.

John did not claim any exemptions or request a hearing. This Court granted the Writ of Garnishment on March 7, 2025.[12]

John now asks the Court to dismiss the final order of garnishment[13] under Fed. R. Civ. P. 60(b), under three theories.[14] First, that her failure to make restitution payments was a mistake and excusable neglect. Second, that the order is partially satisfied and unequitable. Third, that extraordinary circumstances necessitate setting aside this Court's Final Order of Garnishment. The Government opposes the motion.[15] The Court considers the arguments below.

## II.   LEGAL STANDARD

Rule 60(b) provides six grounds for which a district court may grant relief from a final judgment or order:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

---

[12]   R. Doc. 88.
[13]   *Id.*
[14]   R. Doc. 92.
[15]   R. Doc. 93.

Fed. R. Civ. P. 60(b). The party seeking relief under Rule 60(b) bears the burden of establishing the prerequisites for relief, and the district court enjoys broad discretion in assessing whether any of the grounds in Rule 60(b) are satisfied. *D.R.T.G. Builders, L.L.C. v. Occupational Safety & Health Rev. Comm'n*, 26 F.4th 306, 312 (5th Cir. 2022).

Relief under Rule 60(b) is an extraordinary remedy, which will be granted only if the moving party demonstrates "unusual or unique circumstances justifying such relief." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985); *see also In re Edwards*, 865 F.3d 197, 205 (5th Cir. 2017). Courts may construe the Rule "in order to do substantial justice" and must balance "the sanctity of final judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).

### III. DISCUSSION

**A. Fed. R. Civ. P. 60(b)(1) Mistake or Excusable Neglect**

First, John asserts that the Court should set aside the Final Order of Garnishment because it results from her "mistake, inadvertence, surprise, or excusable neglect." John argues that her failure to pay the Court-ordered $100 per month was mistake or excusable neglect. John avers that because

4

she actually paid $30,906.29 prior to this garnishment, including the money garnished from the car accident settlement, it was excusable that she didn't make the monthly payments, which would have been $12,000 over the last ten years. John further asserts that she mistakenly believed that the forfeited property applied to the restitution order and counted toward her $100 monthly payments.

The Court finds the arguments meritless. John's alleged mistake as to what she owed does not excuse her failure to comply with this Court's orders. The Fifth Circuit has held that "Rule 60(b)(1) relief will only be afforded in 'unique circumstances,'" not merely for "[g]ross carelessness, ignorance of the rules, or ignorance of the law." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993). Here, John's mistaken belief that she did not need to continue paying restitution because the Government garnished the payment from the car accident lawsuit is "gross carelessness" that does not rise to the level of "unique circumstances" required to merit 60(b)(1) relief. Further, this mistake is not excusable. John points to financial difficulties she has faced after getting out of prison, including out-of-pocket medical expenses. Such expenses are neither unique nor exceptional and do not excuse her failure to pay restitution. The government repeatedly contacted John to make payments on her restitution, including

offering her an option to enter a new repayment plan. That she decided to forego that opportunity and now regrets it is not a mistake that this Court is prepared to remedy.

As to the application of the forfeiture payments to restitution, the defendant is not automatically entitled to have the forfeited property applied to the restitution order. *See United States v. Taylor*, 582 F.3d 558, 565-67 (5th Cir. 2009). Because forfeited assets are property of the United States, courts lack authority to use them to satisfy a defendant's criminal debts, including fines or restitution obligations. *Id.*; s*ee also United States v. Trotter*, 912 F.2d 964, 965 (8th Cir. 1990). John's mistake of law on this issue is insufficient to justify dismissing this Court's final order of garnishment. Even if the forfeiture payments *were* applied to John's restitution balance, she would still owe more than $230,000. The Court finds that John is not entitled to relief on the grounds of mistake or neglect.

### B. 60(b)(5) Partial Satisfaction

Second, under Rule 60(b)(5), John asserts that "the judgment has been satisfied, released or discharged" and "is no longer equitable." John argues that while the judgment has not been entirely satisfied, all but $236,605.85 has been satisfied. She asks the Court to dismiss the Garnishment under a

theory of partial satisfaction to allow her to enter a voluntary wage assignment of $250 biweekly.

The Court finds that the judgment has not been satisfied, released, or discharged. As to the amount owed, again, this Court does not have the authority to order defendant's forfeited assets credited against her owed restitution, a process known as restoration. That is a determination left solely to the province of the Attorney General and performed by the Money Laundering and Asset Recovery Section of the Department of Justice. *See Taylor*, 583 F.3d at 568. No restoration has been performed in this case; the Court has no power to order restoration. *Id.* Unless and until the U.S. Army requests restoration and the Money Laundering and Asset Recovery Section approves that request, the forfeited assets do not count toward the restitution John owes. John owes $978,919.52 to the U.S. Army.

Further, the Court finds that the garnishment order is equitable. John stole more than $1,000,000 from the U.S. Army. The Court originally required John to pay only $100 monthly on her restitution. John failed to do so and failed to respond to the U.S. Attorney's Office's repeated efforts to negotiate a new payment plan. The Court denies defendant's motion to dismiss the Final Order of Garnishment under 60(b)(5).

7

## C. 60(b)(6) Extraordinary Circumstances

The categories of relief under Rule 60(b) are "mutually exclusive from one another, meaning that an action cannot be brought through the catch-all of Rule 60(b)(6) if it could have been brought through one of the Rule's first five subsections." *United States v. Fernandez*, 797 F.3d 315, 319 (5th Cir. 2015) (internal quotation marks omitted); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (same). Thus, before the Court can reach an argument presented under Rule 60(b)(6), it must first determine whether any of the first five categories of relief are applicable. *See Fernandez*, 797 F.3d at 319.

Plaintiff argues that because she has suffered several financial setbacks since she was released from prison, Rule 60(b)(6) applies. This is the same argument underlying the relief sought under Rule 60(b)(1), namely that her failure to make payments was an excusable mistake. Because plaintiff has not alleged a separate basis for relief under Rule 60(b)(6), the Court denies relief under this provision. *See Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). Nevertheless, the Court notes that plaintiff's reasoning for her failure to make restitution payments does not amount to "extraordinary circumstances" warranting relief under this catch-all category. *See Heirs of Guerra v. United States*, 207 F.3d 763, 767 (5th Cir. 2000) ("A court may

grant relief under 60(b)(6) only under extraordinary circumstances." (citations omitted)). The Court denies defendant's motion to dismiss the Final Order of Garnishment under Rule 60(b)(6).

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to dismiss the Final Order of Garnishment.

New Orleans, Louisiana, this 20th day of October, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE